I i SAUNDERS, Judge,
dissenting.
The majority finds no manifest error in the jury’s finding that Boyd did not get a ruptured disc from the accident, but does find manifest error in the failure of the jury to find that she got “something” from the accident.
*609 The majority holds that the factfinder’s decision that Boyd did not suffer a serious injury in this case was a reasonable one, but finds that it was unreasonable and thus manifest error to fail to give her any damages at all. The majority, accordingly, does not make a de novo review of the medical evidence, but rather limits itself to awarding damages based upon the theory that the plaintiff suffered only minor injuries. I feel this methodology is incorrect and is a misapplication of the review standard mandated by our supreme court who has told us that in eases when a reversible error of law or manifest error of material fact is made in the lower court, appellate courts are required to redetermine the facts d!e novo from the entire record and render a judgment on the merits. Rosell v. ESCO, 549 So.2d 840 (La.1989).
Following this lead, our court has consistently held that “[i]n making an initial award of damages at the appellate level, we are not limited to an award of either the lowest or highest amount we would affirm. Rather, we set the award in an amount which is just compensation for the damages revealed by the record.” Savelle v. Heilbrunn, 552 So.2d 52, 59 (La.App. 3d Cir.1989), writ denied, 556 So.2d 1267 (La.1990).
In the present ease, the jury answered interrogatories finding negligence on the part l2of the defendant, but answering the second interrogatory, i.e. causation, in the negative. The jury went no further and made no determination as to the injuries suffered by the plaintiff. Accordingly, it is clear that any award we make is an initial award of damages and as such, we should set the award in an amount which is just compensation for the damages revealed by the record as a whole.
I think the majority is correct that if the jury had made a determination that the plaintiff suffered only minor injuries, the record before us would require an affirmation of the finding of the jury as there is testimony that supports either a finding of a disc injury or a finding of lesser injuries. In reviewing the case de novo, however, it is my view that the evidence more likely than not suggest that the plaintiff suffered a ruptured disc at L5-S1 as testified to by Dr. Lee and Dr. Phillips and as indicated by the MRI and CT scan studies.
Accordingly, I would award damages in line with the injuries which I feel a preponderance of the evidence supports, i.e., a ruptured disc caused by the accident. I feel an award of general damages in the amount of $150,000 in addition to $30,000 for future medicals (Dr. Phillips’ estimate) is warranted by the record. I do not feel that the record justifies an award for lost wages.
For the above reasons, I respectfully dissent.